No. 598
STRAUSS v. BOYD et
Ohio Appeals, 9th Dist., Summit Co.
No. 1014. Decided May 28, 1925

480. EVIDENCE—1. If it tends to prove allegations in petition, is a question for the jury, and for court to direct a verdict would be erroneous.

2. In action for false representation as to property sold by an alleged agent, proof must show he had authority to bind principal and acted within scope of it, and intended to deceive and defraud.

YOUNG, J.

Abe Strauss brought an action in the Summit

Common Pleas against Alice Boyd and the Metropolitan 5 to 50 cents store. He alleged that he was induced to buy a cafeteria from Boyd upon alleged fraud and misrepresentation.

Strauss' petition sets up the consideration given Boyd for the restaurant and alleged certain false statements were made by Boyd and L. H. Boltz, as manager and agent of the Metropolitan Stores, as to the income derived from said business then conducted by Boyd, as an inducement to his purchase of said restaurant. It was also alleged that misrepresentations were made as to the quantity, quality and value of canned goods and other foods which passed by transfer to Strauss. The judgment in the Common Pleas was for Boyd et al., by a directed verdict.

Error was prosecuted and it was contended that the Metropolitan Store is bound by any false misrepresentations made by Boltz in reference to the transfer of said restaurant. It was also contended that Boltz, represented to Strauss that Boyd had a 14 year lease on said premises and that by reason of said statements he was induced to purchase said restaurant. The Court of Appeals held:

1. In order to establish fraud it must be proven that false representations were made, that they were with intention to deceive or defraud, that fraudulent representations were acted upon by the party to whom they were made, and that damages resulted therefrom.

2. No where in the record is it to be found that Boltz had any authority to bind his principal in this transaction and there is no evidence tending to show that he acted within the scope of his authority, if he did in fact make and false representations.

3. On the point raised by the canned goods and foodstuffs, attention is called to testimony of Strauss which is uncontroverted, and whether this testimony is true or untrue, it raises an issue of fact which should be submitted to the jury.

4. The law is well settled that if evidence tends to prove the allegations of the petition, it is a question for the jury and it would be erroneous for a court to direct a verdict.

5. Judgment will be reversed as to Boyd and a new trial granted, but the judgment is affirmed as to the defendant Metropolitan stores.

Attorneys—J. B. Dworken, Cleveland, and Lahrmer & Hadley, Akron, for Strauss; Benner, Harter, Walker & Watters, Akron, for Boyd; Commins, Brouse, Englebeck & McDowell, Akron, for Metropolitan Stores.